NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3251

LINDA A. PARKER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Linda A. Parker, of Fayetteville, Georgia, pro se.

David D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3251

LINDA A. PARKER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752090108-I-1.

_____

DECIDED:  December 10, 2009

_____

Before MAYER, PLAGER, and DYK, Circuit Judges.

PER CURIAM.

Linda A. Parker ("Parker") appeals the final order of the Merit Systems Protection Board ("Board") sustaining the decision of the United States Postal Service ("agency") demoting her from the position of Supervisor to Clerk.  See Parker v. U.S. Postal Serv., No. AT-0752-09-0108-I-1 (M.S.P.B. June 23, 2009) ("Final Order").  We affirm.

BACKGROUND

Parker was employed by the agency as a Supervisor at the Church Street Branch of the Riverdale, Georgia post office.  On October 25, 2008, she was demoted to the position of Clerk based on charges of unsatisfactory performance and failure to follow instructions.  The first specification supporting the charges was Parker's failure to follow instructions that directed her to "perform a full office proficiency and street count

on one route weekly starting March 24, 2008." Id. at 2 (quotation marks omitted). This required Parker to monitor the sorting and delivery of mail, and ride along on postal routes to perform the count. Parker v. U.S. Postal Serv., No. AT-0752-09-0108-I-1, slip op. at 3 (M.S.P.B. Mar. 6, 2009) ("Initial Decision"); Resp't's Br. 3. The second specification, also a basis for both charges, involved Parker's alleged continuing failure to "clear" clock ring errors on a daily basis. Initial Decision at 2. Agency employees such as mail carriers must clock in at work, creating "clock ring entries." An error can be caused due to various reasons, such as when someone forgets to clock in when he initially arrives at work. The failure to clear such errors could jeopardize the agency's ability to accurately track employee time and pay. Resp't's App. 37.

Parker appealed the demotion to the Board, and in an initial decision, the Administrative Judge ("AJ") sustained both charges as to the first specification, but found that the agency had failed to prove the second specification. Initial Decision at 2–3. The agency deciding official testified that he considered the relevant Douglas factors, see Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305–06 (1981) (addressing the appropriateness of a penalty), in selecting the original penalty and that he would have still imposed demotion absent the clock ring specification. However, the AJ found that the agency's penalty determination of demotion was not entitled to deference because of the failure to establish the clock ring specification, and mitigated the penalty to a thirty-day suspension. Initial Decision at 4. On review, the full Board reversed the AJ and upheld the demotion, crediting the agency's testimony that it would have imposed the same penalty without the clock ring specification. Final Order at 4.

Parker timely petitioned for review of the Board's decision in our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Parker challenges only the penalty imposed against her, not the Board's findings sustaining the charges. As such, we accept the Board's findings that the first specification was proven, that the second was not, and that both the unsatisfactory performance charge and the failure to follow instructions charge were established.

Parker urges that the Board erred in sustaining her demotion because fewer than all of the specifications asserted against her were proven. In doing so, she argues that her case is no different than one in which fewer than all of the charges were sustained. In such cases, the nexus between the charges brought by an agency and the penalty imposed may be severed. Thus, remand on the penalty issue may be appropriate in some cases. Lachance v. Devall, 178 F.3d 1246, 1259 (Fed. Cir. 1999); see also Russo v. U.S. Postal Serv., 284 F.3d 1304, 1310 (Fed. Cir. 2002). Even if such a rule applied to Parker's case, "when the agency makes . . . clear before the Board" that "the agency itself would have imposed the same penalty on the basis of the sustained charges that it chose on the basis of the combined charges," the nexus is not severed

and the agency's chosen penalty is entitled to deference.  <u>Lachance</u>, 178 F.3d at 1259. Here, the agency deciding official testified that "[i]f there had been no allegations concerning clock ring errors," the penalty he imposed on Parker "would have still been the same."  Resp't's App. 25.  Thus, the Board's decision to sustain the demotion was supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion.

For the aforementioned reasons, we affirm the Board's decision.

COSTS

No costs.