# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUSAN E. WILLIAMS,
               Appellant,

      v.

DEPARTMENT OF THE TREASURY,
               Agency.

DOCKET NUMBER
CH-0752-13-0396-I-1

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ariel E. Solomon, Esquire, Albany, New York, for the appellant.

Aaron J. Bennett, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 90-day suspension. For the reasons discussed below, we GRANT the agency's petition for review, AFFIRM the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

portion of the initial decision sustaining the agency's charges, and MODIFY the initial decision to SUSTAIN the removal action.

## BACKGROUND

¶2      The appellant was a GS-12 Revenue Officer for the Internal Revenue Service (IRS).  Initial Appeal File (IAF), Tab 8, Subtab 4a.  On August 30, 2012, the agency proposed to remove the appellant based on two charges: (1) conduct unbecoming an IRS employee; and (2) failure to provide accurate information on official documents.  *Id*., Subtab 4d.  The agency listed one specification in support of its first charge and three specifications in support of its second charge.  *Id*.  After providing the appellant with the opportunity to respond to the proposal notice, the deciding official issued a decision letter sustaining the proposed removal.  *Id*., Subtab 4b.  The appellant was removed from her position effective February 22, 2013.[2]  *Id*., Subtab 4a.  Thereafter, she filed an appeal contesting her removal and raising numerous affirmative defenses, including a claim that the agency's action was barred by the doctrine of laches and claims that the agency discriminated against her on the basis of her disability, retaliated against her for a prior equal employment opportunity and Board appeal, and violated her due process rights.  IAF, Tab 1, Tab 18 at 3-4, Tab 26 at 10.

¶3      Following a hearing, the administrative judge issued an initial decision mitigating the removal to a 90-day suspension.  IAF, Tab 27, Initial Decision (ID) at 2, 24.  The administrative judge sustained both of the agency's charges but found that the agency had failed to establish the first two specifications of its charge of failure to provide accurate information on official documents.  ID at 5-10.  The administrative judge found that the agency established nexus and that

---

[2] The appellant was previously removed by the agency effective March 2, 2011, for: (1) conduct unbecoming an IRS employee; (2) unauthorized possession of property; and (3) making false statements on an official work record.  *See Williams v. Department of the Treasury*, MSPB Docket No. CH-0752-11-0434-I-1.  The Board, however, reversed the agency's removal action because it found that the agency had violated the appellant's due process rights.  *Id*., Final Order (Aug. 10, 2012).

the appellant had failed to establish her affirmative defenses. ID at 11-18. However, she found that the penalty of removal exceeded the maximum reasonable penalty and that the maximum penalty within the bounds of reasonableness was a long-term suspension of 90 days. ID at 23-24.

¶4    The agency has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response to the agency's petition for review, and the agency has filed a reply to the appellant's response. PFR File, Tabs 4-5. In its petition for review, the agency challenges the administrative judge's findings that it failed to prove the first two specifications of its charge of failure to provide accurate information on official documents and that the agency-imposed penalty exceeded the bounds of reasonableness. PFR File, Tab 1 at 6-24. The appellant, on the other hand, contends that the administrative judge properly found that the agency failed to prove the first two specifications of its second charge and that the administrative judge correctly mitigated the penalty.[3] PFR File, Tab 4.

¶5    As discussed below, the agency's assertions fail to provide a basis for disturbing the administrative judge's finding that the agency did not prove the first two specifications of its charge of failure to provide accurate information on official documents. However, we agree with the agency's contention that the administrative judge erred in mitigating the penalty.

---

[3] The parties do not dispute the administrative judge's findings that the agency established nexus and that the appellant failed to establish her affirmative defenses. Accordingly, we do not further address these issues here. In any event, we discern no basis for disturbing these well-reasoned findings on review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We discern no basis for disturbing the administrative judge's findings regarding the agency's charges.</u>

*Conduct unbecoming an IRS employee*

¶6      To prove a charge of conduct unbecoming a federal employee, an agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label. *See Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 7 (2011). In support of its charge of conduct unbecoming an IRS employee, the agency specified that, on January 14, 2009, the appellant was arrested and charged with one count of stealing in the amount of $136.50. IAF, Tab 8, Subtab 4d at 1. The agency stated that, on February 24, 2010, the appellant pled guilty to one count of petty larceny and she was sentenced on March 4, 2010, to participate and complete 12 hours in the petty larceny offender program. *Id.*

¶7      We agree with the administrative judge's finding that the agency proved that the appellant engaged in the misconduct underlying this charge. In particular, as noted by the administrative judge, the appellant stipulated to the arrest for the allegation of shoplifting. ID at 5; IAF, Tab 23 at 1, Tab 8, Subtab 4o at 48. The administrative judge further properly found that the appellant pled guilty to one count of petty larceny.[4] ID at 5-6; IAF, Tab 8, Subtab 4o at 63. Accordingly, we discern no basis for disturbing the administrative judge's finding that the agency proved its charge of conduct unbecoming an IRS employee by preponderant evidence. ID at 6.

*Failure to provide accurate information on official documents*

¶8      A charge of failure to provide information on official documents is a non-intent based charge. *See Butler v. Internal Revenue Service*, 86 M.S.P.R.

---

[4] The administrative judge properly noted that, while the appellant explained that she pled guilty to avoid the costs of litigation and have the offense expunged from her record, an expungement of her record did not mean the offense did not occur. ID at 5.

513, ¶ 7 (2000) (finding that specific intent was not a part of the charge of failure to provide accurate information on official documents). As previously noted, the agency listed three specifications in support of this charge. IAF, Tab 8, Subtab 4d at 1-2. Under the first specification, the agency stated that, on February 9, 2009, the appellant documented a field call to Taxpayer A in the Integrated Collection System (ICS). *Id*. at 1. The agency stated that Taxpayer A, however, advised the appellant's supervisor on February 12, 2009, that they had never met in person. *Id*. at 1. Under the second specification, the agency stated that, on February 11, 2009, the appellant documented a field call to Taxpayer B in ICS. *Id*. The agency stated that Taxpayer B, however, advised the appellant's supervisor that, while they had spoken with the appellant on February 11, 2009, the appellant did not visit their office on that date. *Id*. Under the third specification, the agency stated that, on February 11, 2009, the appellant documented a field call to Taxpayer C in ICS, in which the appellant stated that she had an in-depth discussion with the power-of-attorney (POA) for Taxpayer C. *Id*. at 2. The agency stated that the POA for Taxpayer C, however, stated in an interview on May 20, 2009, that he did not meet with the appellant in person on February 11, 2009, and that he had in fact never met with the appellant. *Id*.

¶9        In finding that the agency had failed to prove the two specifications under this charge, the administrative judge considered hearing testimony from the appellant and from the appellant's supervisor and made comprehensive credibility findings.[5] ID at 6-10. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing and can overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge thoroughly reviewed the evidence and the hearing

---

[5] Neither Taxpayer A nor Taxpayer B testified.

testimony and specifically cited to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), in setting forth her credibility determinations. ID at 6-10. Because the administrative judge's conclusions of credibility regarding the first two specifications underlying this charge were complete, based on proper considerations, and consistent with the record, we defer to them on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (the Board will give due deference to the credibility findings of the administrative judge where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Accordingly, we discern no basis for disturbing the administrative judge's finding that the agency did not prove the first two specifications underlying its charge of failure to provide accurate information on official documents.

¶10        Regarding the third specification, the administrative judge considered the appellant's testimony that it must have been a mistake or error on her part to state in the case history that she made a field call to the POA of Taxpayer C on February 11, 2009. ID at 10; Hearing Compact Diskette (CD) (Aug. 1, 2013) (testimony of the appellant). The administrative judge further considered the testimony of an agent with the agency's Treasury Inspector General for Tax Administration (TIGTA). ID at 10. As noted by the administrative judge, the TIGTA agent testified that she contacted Taxpayer C's POA on May 20, 2009, inquiring if the appellant had made a field call to him on February 11, 2009. ID at 10; Hearing CD (Jul. 31, 2013) (testimony of TIGTA agent). The TIGTA agent testified that the POA informed her that the appellant did not meet with him in person on February 11, 2009, and that he had never met with the appellant. Hearing CD (Jul. 31, 2013) (testimony of TIGTA agent). Based on the foregoing, we agree with the administrative judge's well-reasoned finding that the agency proved the third specification of its charge of failure to provide accurate information on official documents and that it therefore established this charge.

ID at 10; *see Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 649 (1996) (proof of only one specification supporting a charge is sufficient to sustain the charge).

The administrative judge erred in mitigating the penalty of removal.

¶11        When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness.  *Parker v. U.S. Postal Service*, 111 M.S.P.R. 510, ¶ 8, *aff'd*, 355 F. App'x 410 (Fed. Cir. 2009).  In applying this standard, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications.  *Id.*  That failure may require, or contribute to, a finding that the agency's penalty is not reasonable.  *Id.*  In such a case, the Board will look for evidence showing that the agency would have imposed the same penalty for the sustained specification.  *Id.*

¶12        Nevertheless, the Board's function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management's judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness.  *Id.*, ¶ 9.  Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the imposed penalty clearly exceeded the bounds of reasonableness.[6]  *Id.*  The deciding official need not show that he considered all the mitigating factors in determining the penalty.  *Jones v. Department of the Interio*r, 97 M.S.P.R. 282, ¶ 14 (2004).  The Board will independently weigh the relevant factors only if the deciding official failed to

---

[6] The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, and the supervisor's confidence in the employee's ability to perform his assigned duties.  *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), *aff'd*, 111 F. App'x 610 (Fed. Cir. 2004).  All of the factors will not be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Id.* at 306.

demonstrate that he considered any specific, relevant mitigating factors before deciding upon a penalty. *Id*. If the agency's penalty is beyond the bounds of reasonableness, the Board will mitigate only to the extent necessary to bring it within the parameters of reasonableness. *Id*.

¶13 The administrative judge mitigated the penalty based in part on her finding that there were strong mitigating factors that the deciding official had not sufficiently considered and that rendered the penalty unreasonable. ID at 21-24. In particular, the administrative judge found that the appellant's incident of shoplifting involved a small dollar amount of merchandise that consisted of off-duty conduct and that did not involve government property. ID at 21. The administrative judge found that, because the shoplifting incident had been expunged from the appellant's record, the deciding official's concern that the matter could become public knowledge is negated. ID at 21. The administrative judge further found that the appellant's disabling medical conditions, including the appellant's mental condition of depression and October 2008 lap band surgery, were strong mitigating factors that she could not ignore. ID at 21-23. The administrative judge noted that, as to two prior attendance-related suspensions that were relied on by the deciding official in making his penalty determination, the appellant had stated that she had not applied for leave under the Family Medical Leave Act (FMLA) to cover this period because her supervisor had not discussed it with her. ID at 22. The administrative judge found it reasonable to infer from the evidence that the appellant's mental condition of depression played a role in her failure to apply for leave under the FMLA. ID at 23.

¶14 We agree with the administrative judge's finding that the deciding official failed to give adequate consideration to relevant mitigating factors, such as the appellant's depression. The appellant's doctor testified during the hearing that the appellant suffered from depression in 2009, at the time of the shoplifting episode and the sustained incident of failure to provide accurate information on

official documents. Hearing CD (Jul. 31, 2013) (testimony of the appellant's doctor). She also testified that, because depression manifests in inattention, memory loss, and impaired judgment, it was reasonable to attribute errors in reporting data and judgment to the appellant's major depressive order. *Id.* While the deciding official testified that he had considered the appellant's depression in making his penalty determination, we find that he did not give it sufficient consideration. ID at 20; Hearing CD (Jul. 31, 2013) (testimony of the deciding official). The administrative judge also correctly found that the fact that the incident of shoplifting occurred off-duty is a mitigating factor that was not considered by the deciding official in his penalty determination. *See, e.g.*, *Mallery v. U.S. Postal Service*, 41 M.S.P.R. 288, 293 (1989) (considering the non-work related nature of the theft at issue as a mitigating factor). Thus, we agree that the deciding official's treatment of the mitigating factors in his decision letter and testimony was not sufficiently substantive, and that it is appropriate not to defer to his penalty determination. *See Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 24 (2001) (finding that it was not appropriate to defer to the deciding official's penalty determination where he failed to adequately consider relevant mitigating factors).

¶15    Notwithstanding this issue, we find that removal was the maximum reasonable penalty in this case. First, not all of the mitigating factors listed by the administrative judge in the initial decision are relevant to this case. For example, we discern no evidence demonstrating a clear link between the appellant's other medical conditions, such as her lap band surgery, and her misconduct. *See Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 12 n.1 (2014) (finding that the appellant's contentions regarding her personal circumstances and depression did not weigh in favor of mitigation where there was no evidence on how they affected her behavior). Additionally, we disagree with the administrative judge's finding that the shoplifting incident involved a small dollar amount of merchandise. As previously noted, the appellant was arrested and

charged with one count of stealing in the amount of $136.50. We find distinguishable the cases the administrative judge relied on in finding that this constituted a small dollar amount of merchandise. *See Mallery*, 41 M.S.P.R. at 292-93 (1989) (mitigating the appellant's removal to a 30-day suspension where the agency charged that the appellant was arrested at a local grocery store and charged with shoplifting a kitchen knife valued at $3.59); *Thurmond v. U.S. Postal Service*, 41 M.S.P.R. 227, 231-32 (1989) (finding the de minimis nature of the appellant's theft to be an overriding mitigating factor where the appellant was charged with shoplifting a box of candy).

¶16    Second, the deciding official properly found that there were strong aggravating factors weighing in favor of removal. The deciding official correctly determined that the sustained misconduct under the charge of failure to provide accurate information on official documents was serious. IAF, Tab 8, Subtab 4b at 1-2; Hearing CD (Jul. 31, 2013) (testimony of deciding official); *see Butler*, 86 M.S.P.R. 513, ¶ 7 (finding the sustained misconduct to be serious where the appellant was charged in part with failure to provide accurate information on official documents). He explained that, as a Revenue Officer, the appellant was responsible for representing the agency in matters dealing with the taxpaying public, including the seizure of assets. IAF, Tab 8, Subtab 4b at 2. He testified that failing to provide accurate information on official documents impacted the appellant's position as a Revenue Officer because the official documents depict what the agency has done to effectively administer tax laws. *Id*. The deciding official also properly considered the seriousness of the shoplifting incident and its relation to the appellant's position and duties. He found this misconduct to be serious in light of the high standards of honesty and integrity required of the appellant's position. Hearing CD (Jul. 31, 2013) (testimony of deciding official); *cf. Cooper v. U.S. Postal Service*, 42 M.S.P.R. 174, 180-81 (1989), *aff'd*, 904 F.2d 46 (Fed. Cir. 1990) (Table) (finding removal to be a reasonable penalty where a law enforcement official shoplifted two bottles

of men's cologne); *Mojica-Otero v. Department of the Treasury*, 30 M.S.P.R. 46, 50 (1986) (removal was reasonable where a Customs Officer was detained for shoplifting two pairs of shorts).

¶17        In addition, the deciding official considered the appellant's prior discipline, which included a 30-day suspension in 1996 for unauthorized access of the Integrated Data Retrieval System, a 15-day suspension in 2009 for absence without official leave (AWOL) charges, and a 168-day suspension in 2010 for AWOL charges.  IAF, Tab 8, Subtab 4b at 1.  The agency notified the appellant in the notice of proposed removal that it was relying on her prior discipline to support the instant action.  IAF, Tab 8, Subtab 4d at 2.  Under *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335 (1981), when an agency relies on past discipline to support the disciplinary action that is on appeal, the Board will generally review the past discipline to determine whether: (1) the employee was informed of the action in writing; (2) the employee had an opportunity to have the action reviewed, on the merits, by an authority different from the one that took the action; and (3) the action was made a matter of record.  *Id*. at 338–39.  If those three criteria are met, the Board will discount the past discipline only if it is left with a "definite and firm conviction that a mistake has been committed."  *Id*. at 340.  Here, the administrative judge did not review the appellant's past discipline upon which the agency relied.  However, the Board has held that *Bolling* review is required only where the appellant has actually challenged the validity of her prior discipline on appeal.  *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 34 (2007).  Where, as here, the appellant did not challenge the validity of the prior discipline, only the occurrence of the prior discipline must be verified.  *See id*. The parties' stipulations, IAF, Tab 23 at 1, constitute    verification    of    the    appellant's    prior    discipline.        *See*

*Rosenberg*, [105 M.S.P.R. 130](#), ¶ 34. We therefore conclude that the agency properly considered the appellant's prior discipline.[7] *See id.*

¶18     The deciding official stated that he had lost confidence in the appellant's ability to do her job and that her potential for rehabilitation was minimal based on her prior record and the fact that she did not show remorse for the shoplifting charge. Hearing CD (Jul. 31, 2013) (testimony of the deciding official). He testified that either of the charges against the appellant standing alone warranted removal because of the extreme seriousness of the charges and the appellant's prior disciplinary history. *Id.* For the reasons discussed above, we find that removal is the maximum reasonable penalty under the circumstances. The agency's removal action is therefore SUSTAINED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

---

[7] To the extent the administrative judge found that the appellant's absence-related prior discipline should not be considered as an aggravating factor because of the appellant's failure to request FMLA, any such finding was an error.

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.