# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACQUELINE D. BROWN,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-14-0816-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: January 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stephen Goldenzweig</u>, Esquire, Houston, Texas, for the appellant.

<u>William R. Fenner</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The agency has filed a petition for review of the initial decision, which (1) sustained the charges of submitting false reports, failure to follow directions, and failure to exercise due diligence, (2) found that the appellant did not prove any of her affirmative defenses, and (3) mitigated the removal penalty to a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

demotion and a 30-day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The appellant was removed from her Transportation Security Inspector (TSI) position based on charges of submitting false reports, failure to follow directions, and failure to exercise due diligence. Initial Appeal File (IAF), Tab 7, Subtabs 4B, 4D. After a hearing, the administrative judge issued an initial decision in which she sustained 2 of the 7 specifications of the submitting false reports charge, 7 of the 8 specifications of the failure to follow directions charge, and 1 of the 5 specifications of the failure to exercise due diligence charge. IAF, Tab 43, Initial Decision (ID) at 7-34. The administrative judge found that the appellant did not prove her affirmative defenses of reprisal for whistleblowing activity, retaliation for protected equal employment opportunity activity and for filing an Office of Workers' Compensation Programs claim, discrimination based on race and disability, and harmful procedural error. ID at 34-47. The administrative judge further concluded that there was a nexus between the

appellant's misconduct and the efficiency of the service. ID at 48. Finally, the administrative judge determined that the removal penalty was not within tolerable limits of reasonableness, and she mitigated the removal penalty to a demotion to a Transportation Security Officer position and a 30-day suspension. ID at 48-51.

¶3 The agency has filed a petition for review, the appellant has filed a response, and the agency has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 The only issue raised by the agency on petition for review concerns the administrative judge's decision to mitigate the removal penalty. PFR File, Tab 1. The agency asserts that the administrative judge applied the wrong legal standard and erred by failing to give deference to its penalty determination, the deciding official properly considered all of the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981),[3] and the removal penalty was within the bounds of reasonableness. PFR File, Tab 1 at 7-13. We have considered these arguments, but we are not persuaded that a different outcome is warranted.

¶5 The agency cites to several cases to support its assertion that the administrative judge erred in her penalty analysis and that the Board has upheld the penalty of removal for a sustained falsification charge. PFR File, Tab 1 at 7-8, 11. Many of these cases, such as *Raco v. Social Security*

---

[2] The appellant did not file a cross petition for review, nor does she raise any issues concerning the administrative judge's analysis of the specifications, charges, affirmative defenses, or nexus. Therefore, we affirm the administrative judge's findings on these issues.

[3] The provisions of Management Directive (MD) 1100.75-3 and the accompanying Handbook, rather than chapter 75, govern disciplinary actions against Transportation Security Administration employees. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 5 n.2 (2014); *Winlock v. Department of Homeland Security*, 110 M.S.P.R. 521, ¶ 6, *aff'd*, 370 F. App'x 119 (Fed. Cir. 2009). MD 1100-75.3 and the accompanying Handbook are found in the record at IAF, Tab 7, Subtabs 4G-4H. The Handbook requires consideration of the *Douglas* factors. IAF, Tab 7, Subtab 4H at 16-17; *see Winlock*, 110 M.S.P.R. 521, ¶ 25.

*Administration*, [117 M.S.P.R. 1](#) (2011), *Woebcke v. Department of Homeland Security*, [114 M.S.P.R. 100](#) (2010),[4] *Pencook v. U.S. Postal Service*, [67 M.S.P.R. 409](#), *aff'd*, 73 F.3d 381 (Fed. Cir. 1995) (Table), and *Walker v. U.S. Postal Service*, [10 M.S.P.R. 341](#) (1982), are distinguishable because all of the specifications of the relevant charges were sustained.[5] By contrast, in this matter, all of the charges were sustained but not all of the corresponding specifications. Accordingly, a different legal standard is applicable.

¶6        When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, [72 M.S.P.R. 646](#), 650 (1996). In applying this standard, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications. *Id.* at 651. That failure may require, or contribute to, a finding that the agency's penalty is not reasonable. *Id.* In such a case, the Board will look for evidence showing that the agency would have imposed the same penalty for the sustained specifications. *Laniewicz v. Department of Veterans Affairs*, [83 M.S.P.R. 477](#), ¶ 9 (1999). Nevertheless, the Board's function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management's judgment has been properly exercised and that the penalty selected by the agency

---

[4] *Woebcke* was abrogated on other grounds by our reviewing court in *Norris v. Securities & Exchange Commission*, [675 F.3d 1349](#) (Fed. Cir. 2012), and the Board recognized this abrogation in *Bowman v. Small Business Administration*, [122 M.S.P.R. 217](#) (2015). The subsequent history of *Woebcke* does not affect our disposition of this matter.

[5] We also have considered the agency's citations to *Thompson v. Department of Commerce*, MSPB Docket No. DC-0752-15-0392-I-1, Initial Decision (July 24, 2015), and *Dembele v. Department of Transportation*, MSPB Docket No. DC-0752-05-0554-I-1, Initial Decision (Aug. 29, 2005). PFR File, Tab 1 at 10-11. These citations are not persuasive because Board initial decisions are of no precedential value and cannot be cited or relied on as controlling authority. *Rockwell v. Department of Commerce*, [39 M.S.P.R. 217](#), 222 (1988).

does not exceed the maximum limits of reasonableness.  *Parker v. U.S. Postal Service*, 111 M.S.P.R. 510, ¶ 9, *aff'd*, 355 F. App'x 410 (Fed. Cir. 2009).  Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness.  *Id.*  If the agency's penalty is beyond the bounds of reasonableness, the Board will mitigate only to the extent necessary to bring it within the parameters of reasonableness.  *Id.*

¶7        The administrative judge's penalty analysis is consistent with this precedent.[6]  Importantly, the administrative judge made credibility determinations and concluded that the submitting false reports charge was the most serious charge.  ID at 49 & n.11.  She also noted that there was not a per se rule as to the penalty in cases involving falsification.  ID at 49 (citing *Hill v. Department of the Army*, 120 M.S.P.R. 340, ¶ 14 (2013)).  The administrative judge made the following additional findings:  (1) the appellant committed a serious offense when she made two false statements in a report, especially given the nature of her TSI position, which involved trust and responsibility; (2) she had no prior discipline during her nearly 12-year Federal career and no performance issues prior to her transfer to the office where the misconduct occurred; and (3) the two false statements were made in the same report and, thus, she did not engage in a deliberate pattern of misconduct.  ID at 50-51.  Noting that the agency's Table of Offenses and Penalties specifically allows for demotions in lieu of removals, the administrative judge determined that the misconduct would not prevent the appellant from providing efficient service in a nonsupervisory, non-TSI position.

---

[6] The agency cites to three cases, *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353 (2015), *Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666 (2008), and *Walcott v. U.S. Postal Service*, 52 M.S.P.R. 277, *aff'd*, 980 F.2d 744 (Fed. Cir. 1992) (Table), in which the Board sustained the removal penalty even though the charges, but not all of the corresponding specifications, were sustained.  PFR File, Tab 1 at 7-8, 11.  These cases are distinguishable because of the nature of the sustained charges and Mr. Kamahele's and Mr. Walcott's supervisory status.

ID at 50 & n.12. The administrative judge also found that the appellant was experiencing "significant stress and tension" due to her perception that her supervisor, who was also the proposing official, "was disproportionately focused on her." ID at 50. For these reasons, the administrative judge concluded that the removal penalty was too severe and not within the parameters of reasonableness, and she determined that a 30-day suspension and a demotion to a Transportation Security Officer was the maximum reasonable penalty. ID at 51.

¶8  Because the administrative judge held a hearing, her credibility determination, which led to her conclusion that the submitting false reports charge was the most serious charge, is implicitly based on witness demeanor. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The agency has not identified any such reasons, and we agree with the administrative judge's conclusion that the submitting false reports charge was the most serious charge.

¶9  We further agree with the administrative judge's implicit conclusion that the deciding official's evaluation of the relevant *Douglas* factors was lacking and that the agency had not proven the reasonableness of the removal penalty. We have reviewed the decision letter, which contains a cursory review of some of the relevant *Douglas* factors, and the deciding official's testimony. IAF, Tab 7, Subtab 4B; Hearing Transcript (HT) II. The decision letter recites that the deciding official considered the appellant's length of service and lack of prior discipline as mitigating factors. IAF, Tab 7, Subtab 4B at 11. However, the deciding official appeared to admit in his testimony that he did not consider, in the context of the proper penalty for the submitting false reports charge, the appellant's job level, record of experience, length of service, lack of prior

discipline, ability to get along with her coworkers, and any stress, job tensions, or personality issues. HT II at 19-21, 26. The deciding official's failure to consider these mitigating factors in the context of the most serious charge undermines the agency's argument as to the reasonableness of the removal penalty. *See Wynne v. Department of Veterans Affairs*, 75 M.S.P.R. 127, 135 (1997) (finding that, where the record evidence fails to show that the agency deciding official considered any specific, relevant mitigating factors before selecting the penalty, his penalty selection is not entitled to deference, and the Board must independently weigh the relevant *Douglas* factors to evaluate the reasonableness of the penalty).

¶10    We also have considered the agency's assertion that the administrative judge erred when she determined that the appellant did not engage in a deliberate pattern of improper conduct. PFR File, Tab 1 at 8-9. As the agency notes, whether an offense was frequently repeated is an element to be considered in the *Douglas* factor that discusses the nature and seriousness of the offense. *Id*.; *see Douglas*, 5 M.S.P.R. at 305. The deciding official testified that he considered the seriousness of the submitting false reports charge, but he acknowledged on cross examination that many of the incidents of submitting false reports were contained within a single report. HT II at 18-19, 26-27, 77. The record does not reflect, however, that he considered this fact in his *Douglas* factors analysis. IAF, Tab 7, Subtab 4B; HT II. Because the administrative judge properly noted that the only two specifications of the submitting false reports charge that she sustained were contained in the same report, we discern no error with her evaluation of this *Douglas* factor or her conclusion that the appellant did not engage in a deliberate pattern of misconduct.

¶11    The agency does not challenge the administrative judge's decision to sustain only 2 of the 7 specifications in the submitting false reports charge, 7 of the 8 specifications of the failure to follow directions charge, and only 1 of the 5 specifications in the failure to exercise due diligence charge. We affirm her conclusions in this regard. The administrative judge's decision not to sustain all

of the supporting specifications of each of the charges—and in particular, her decision to sustain relatively few of the specifications of the most serious charge—also calls into question the reasonableness of the agency's penalty. *See Laniewicz*, [83 M.S.P.R. 477](#), ¶ 9. The deciding official testified that he would "consider" removal absent the submitting false reports charge and he would "look at" removal for the failure to exercise due diligence charge alone. HT II at 42. However, he was not asked and he did not state what penalty he would levy if less than all of the specifications of each of the charges were sustained. The absence of such evidence counsels against a finding that the removal penalty is reasonable. *Cf. Parker*, [111 M.S.P.R. 510](#), ¶¶ 2, 11-13 (affirming the agency's decision to demote the supervisor appellant because, among other things, the deciding official testified that his decision to impose the penalty of demotion "would have still been the same" even absent one of the specifications of the failure to follow instructions charge).

¶12     For the reasons described above, we are not persuaded by the agency's argument that the administrative judge erred when she determined that a demotion to a Transportation Security Officer position and a 30-day suspension was the maximum reasonable penalty for the sustained misconduct. *See, e.g.*, *Jackson v. U.S. Postal Service*, [48 M.S.P.R. 472](#), 476-77 (1991) (finding that the removal penalty exceeded the limits of reasonableness and concluding that the supervisor's demotion to a nonsupervisory position was appropriate where the employee had an "unblemished" prior disciplinary record, had 12 years of service with the agency, did not gain financially from her misconduct, and received very good performance evaluations and commendations). We therefore affirm the initial decision.

**ORDER**

¶13     We ORDER the agency to cancel the removal and substitute in its place a demotion to a Transportation Security Officer and a 30-day suspension without

pay.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶14    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶16    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶17    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the

Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the U.S. Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.


AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.