**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEITH GUTHRIE, SR.,

           Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

           Agency.

DOCKET NUMBER
CH-0752-16-0212-I-1

DATE: April 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jill C. Beck</u>, Kansas City, Missouri, for the appellant.

<u>Michael E. Anfang</u>, Kansas City, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant failed to meet his burden to prove that race was a motivating factor in his removal, we AFFIRM the initial decision..

¶2      As further detailed in the initial decision, the appellant most recently held a Motor Vehicle Operator position. Initial Appeal File (IAF), Tab 27, Initial Decision (ID) at 1-2. The agency proposed his removal based on a single charge of inappropriate conduct, with six accompanying specifications. ID at 2-3; IAF, Tab 4 at 72-73. In short, those specifications alleged that, between August and October of 2015, the appellant (a) drove recklessly and too fast with a veteran passenger on two occasions, (b) struck another vehicle while driving a veteran and failed to check on the other vehicle's passengers, (c) struck a stop sign and failed to check for damage or report the incident, (d) struck a tree branch and damaged a vehicle's mirror, (e) put gasoline in a diesel vehicle, and (f) drove on a suspended license on one date. IAF, Tab 4 at 72. After the appellant responded to the proposal, the deciding official upheld the removal, effective January 8, 2016. ID at 3; IAF, Tab 4 at 86-90.

¶3      The appellant challenged his removal in the instant appeal, raising race and age discrimination affirmative defenses. IAF, Tabs 1, 21. After holding the

requested hearing, the administrative judge found that the agency met its burden of proving specifications (a)-(e)[3] and the inappropriate conduct charge, generally. ID at 4-11.  She also found that the agency met its burden of establishing nexus and the reasonableness of the penalty.  ID at 11-14.  Finally, the administrative judge found that the appellant did not prove either of his affirmative defenses.  ID at 14-18.  Accordingly, the administrative judge sustained the appellant's removal.  ID at 18.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

¶4        On review, the appellant first challenges the administrative judge's findings concerning specification (c), that he struck a stop sign on October 22, 2015, and failed to check for damage or report the incident.  PFR File, Tab 1 at 4.  To find that the agency met its burden of proving this specification, the administrative judge relied on the testimony of another motor vehicle operator who witnessed the incident and her contemporaneous report on the matter.  ID at 7-8.  However, as the appellant rightly notes, the administrative judge referred to the wrong report.  PFR File, Tab 1 at 4; ID at 7-8 (citing IAF, Tab 4 at 32-33).  The administrative judge mistakenly referred to a police report pertaining to a different accident and specification, rather than the witness report concerning the appellant's striking a stop sign.  *Compare* IAF, Tab 4 at 32-33, *with id.* at 39-40. Nevertheless, we find the error harmless.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

¶5        Despite the administrative judge's reference to the wrong piece of evidence, the record does contain a contemporaneous witness report pertaining to

---

[3] The administrative judge did not sustain specification (f), concerning the appellant driving on a suspended license, because the appellant was initially unaware of the suspension and acted appropriately after learning of it.  ID at 10.

specification (c), signed by both the witness and a police officer, corroborating the allegation that the appellant hit a stop sign on the date in question. IAF, Tab 4 at 39-40. The statement the witness provided in that contemporaneous report is consistent with her testimony at the hearing. *Id.*; IAF, Tab 26, Hearing Compact Disc (HCD) (testimony of the motor vehicle operator). Although the appellant disputes that witness' testimony, he has failed to provide sufficiently sound reasons for us to overturn the administrative judge's conclusion that her testimony was more credible than the appellant's. ID at 7-8; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (recognizing that the Board must give credibility-based determinations deference and may only overturn an administrative judge's explicit or implicit demeanor-based credibility findings when it has "sufficiently sound" reasons for doing so). Accordingly, we discern no basis for disturbing the administrative judge's findings concerning proof of this specification, the others she sustained, or the charge, generally.[4]

¶6        The appellant next references and attaches various provisions of 5 U.S.C. chapter 43, arguing that the agency committed a number of errors in addressing his conduct. PFR File, Tab 1 at 4-13. For example, the appellant asserts that the agency previously rated him as "fully successful" and failed to give him an opportunity to correct his performance after notifying him of the specifications. *Id.* at 4-5. He also asserts that the agency neglected to list the critical elements he failed to meet. *Id.* at 5. These arguments are unavailing. They mistakenly conflate the appellant's chapter 75 removal with a performance-based action under chapter 43. *Compare Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012) (explaining the elements of a chapter 75 adverse action appeal, including proof of an agency's charges, nexus, and the reasonableness of its penalty), *with Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5

---

[4] Although the appellant disputes specification (c), he admits to the pertinent facts underlying specifications (b), (d), and (e) and provides no substantive arguments concerning specification (a) on review. *E.g.*, PFR File, Tab 1 at 7.

(2010) (explaining the elements of a chapter 43 performance-based action, including the requirements that an agency communicate to the appellant the critical elements of his position, warn him of his performance inadequacies, and provide a reasonable opportunity to improve). Even if the agency could have pursued a performance-based action under chapter 43, it was not required to do so. *Lovshin v. Department of the Navy*, 767 F.2d 826, 843 (Fed. Cir. 1985) (recognizing that an agency may rely on either chapter 75 or chapter 43 to take a performance-based action).

¶7 Mixed with his arguments that mistakenly implicate the requirements of chapter 43, the appellant references provisions of an alleged "Master Agreement" and agency handbook. PFR File, Tab 1 at 4-6. In doing so, he appears to implicate an affirmative defense of harmful error. *See* 5 U.S.C. § 7701(c)(2)(A) (providing that an adverse action may not be sustained if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision"). However, it appears that the appellant failed to clearly articulate any such claim below. IAF, Tab 21 at 4. Therefore, to the extent that he is now asserting harmful error, we will not address it for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (recognizing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶8 In his petition, the appellant also reasserts that he suffered age discrimination, one of the affirmative defenses he did raise below.[5] PFR File,

---

[5] The appellant does not re-raise his race discrimination claim. We agree with the administrative judge's well-reasoned conclusion that the appellant failed to present any evidence to support this claim. ID at 14-17. To the extent that she stated that the appellant did not prove a "convincing mosaic" of discrimination, ID at 17, we modify the initial decision to find that the appellant failed to meet his burden to prove that race was a motivating factor in his removal, *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 28-31 (2016) (explaining that the previously used phrase "convincing mosaic" was not meant to impose a new, separate legal requirement, but

Tab 1 at 7; IAF, Tab 21 at 4. The administrative judge found that, although the appellant alleged that he was treated differently on the basis of his age, he failed to present any supportive evidence. ID at 17-18. On review, the appellant alleges that he "suffered age discrimination for the mere fact that he was terminated before he turned 65 when he would be eligible for an unreduced retirement." PFR File, Tab 1 at 7. He further asserts that "[i]n this situation, age discrimination is about the appellant wanting and deserving to be fully vested at age 65, it's not about his age being compared to a colleague." *Id.* These assertions do not warrant a different result. The appellant has failed to meet his burden of proving that his age was a motivating factor in his removal. *See Babb v. Wilkie*, 589 U.S. ___, 140 S. Ct. 1168, 1173-76 (2020) (interpreting 29 U.S.C. § 633a(a) as expressly imposing liability if the appellant shows that age discrimination played a part in the agency's action); *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 28-30 (2016) (explaining that an affirmative defense of discrimination under 42 U.S.C. § 2000e-16 requires that an appellant first show by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.[6]

¶9      The appellant lastly suggests that removal was not a reasonable penalty for his conduct. PFR File, Tab 1 at 7. He points to "the absence of intentionality and malicious intent, as well as a lack of extensive damage." *Id.* We find no merit to the argument.

finding that despite an administrative judge's use of this phrase, she properly considered the evidence as a whole in finding that the appellant failed to prove her Title VII affirmative defenses), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.

[6] Because the appellant failed to meet his initial burden to prove that his race or age was a motivating factor in the agency's decision, we need not reach the question of whether discrimination was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22.

¶10     When, as here, all of the agency's charges are sustained, but one of the underlying specifications is not, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Parker v. U.S. Postal Service*, [111 M.S.P.R. 510](#), ¶ 8, *aff'd*, 355 F. App'x 410 (Fed. Cir. 2009). In applying this standard, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications. *Id.* Even when conducting such review, the Board's function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management's judgment has been properly exercised and that the penalty does not exceed the bounds of reasonableness. *Id.*, ¶ 9. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶11     As the administrative judge recognized, the agency properly considered the relevant factors when determining that removal was appropriate. ID at 11-14; HCD (testimony of the deciding official); IAF, Tab 4 at 72-76, 86-87. Among other things, the agency noted that, even though the appellant had not acted with malice, he had exhibited an increasing pattern of unsafe driving, with a lack of regard for the well-being of veterans the agency served. HCD (testimony of the deciding official); IAF, Tab 4 at 72-76, 86-87. As a result, the agency concluded that he could not be depended on to perform his duties conscientiously or safely. HCD (testimony of the deciding official); IAF, Tab 4 at 72-76, 86-87. Like the administrative judge, we find no basis for disturbing the agency's chosen penalty; it does not exceed the tolerable limits of reasonableness, even when considering the appellant's arguments concerning the lack of malice and extent of damage. ID at 11-14.

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.