**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHERYL LOVE, | DOCKET NUMBER |
|      Appellant, | CH-0752-17-0218-I-1 |
|   v. | |
| UNITED STATES POSTAL SERVICE, | DATE: June 20, 2023 |
|      Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hartley David Alley</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Brian J. Odom</u>, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 90-day suspension. For the reasons discussed below, we GRANT the agency's petition for review. We AFFIRM the administrative judge's findings on the charge, nexus, and the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

affirmative defenses. We REVERSE the administrative judge's findings concerning the maximum reasonable penalty and FIND that a demotion to a nonsupervisory position is the maximum reasonable penalty.

## BACKGROUND

¶2 The appellant was formerly employed as Postmaster of Des Moines, Iowa, until she was removed, effective February 4, 2017. Initial Appeal File (IAF), Tab 6 at 15. By letter dated December 5, 2016, the agency proposed the appellant's removal based on a charge of unacceptable conduct. *Id*. at 23-28. The charge was supported by three specifications: (1) failure to properly carry out the emergency placement of a subordinate employee on off-duty status; (2) failure to safeguard log on credentials; and (3) failure to investigate no-fee money orders at the South Des Moines station. *Id*. By letter dated January 20, 2017, the agency sustained all three specifications and the charge, and removed the appellant. *Id*. at 15-16.

¶3 The appellant filed a Board appeal, disputing the charges. IAF, Tab 1. After she withdrew her request for a hearing, IAF, Tab 68, the administrative judge issued an initial decision based on the written record, IAF, Tab 83, Initial Decision (ID). The administrative judge found that the agency proved specifications 2 and 3 of its charge, and thus, sustained the charge. ID at 18-20. However, the administrative judge found that the agency failed to prove specification 1. ID at 14-18. The administrative judge also found that the appellant failed to prove her affirmative defenses of harmful procedural error or due process violations. ID at 20-23. After considering the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), the administrative judge found that the penalty of removal was unreasonable and mitigated it to a 90-day suspension. ID at 24-29.

¶4        The agency has filed a petition for review.  Petition for Review (PFR) File, Tab 4.  The appellant has opposed the agency's petition, and the agency has filed a reply.  PFR File, Tabs 16, 19.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board denies the appellant's motion to dismiss the agency's petition for review for failure to comply with the administrative judge's interim relief order.</u>

¶5        As part of the interim relief order in the initial decision, the administrative judge ordered the agency to effect the appellant's appointment to the Postmaster position and to provide her with pay and benefits of the position, even if the agency determined that her return to or presence in the workplace would be unduly disruptive.  ID at 31.  The appellant has moved to dismiss the agency's petition for review on the ground that the agency failed to provide such interim relief.  PFR File, Tab 6.

¶6        The record reflects that the agency reinstated the appellant to her Postmaster position, effective March 13, 2018, but detailed her to a position as a Local Operation Center (LOC) Coordinator after it determined that returning her as Postmaster would cause an undue disruption.[2]  PFR File, Tab 10 at 7, 13, 39.  According to the agency, within hours of issuance of the initial decision, managers began receiving phone calls from subordinate employees expressing their anger and fear that the appellant was returning to the agency.  *Id*. at 39.

¶7        The appellant challenges the merits of the agency's undue disruption determination.  PFR File, Tab 11 at 6.  However, our reviewing court has held that the scope of the Board's review of an undue disruption determination "is

---

[2] The agency mistakenly reinstated the appellant effective March 13, 2018, the deadline for filing a petition for review of the initial decision, instead of February 6, 2018, the date of the initial decision.  PFR File, Tab 9 at 4, 7; *see* 5 C.F.R. § 772.102(a) (stating that interim personnel actions shall be made effective upon the date of issuance of the initial decision).  Nonetheless, the record reflects that the agency provided the appellant with appropriate back pay from February 6 to March 12, 2018.  PFR File, Tab 10 at 5, 30-35, 40.

limited to determining whether the agency actually made an undue disruption determination and whether the employee has received appropriate pay and benefits." *King v. Jerome*, 42 F.3d 1371, 1375 (Fed. Cir. 1994). The Board has followed the court's direction in this regard. *E.g.*, *Christopher v. Department of the Army*, 107 M.S.P.R. 580, ¶ 6 (2008); *Cook v. Department of the Army*, 105 M.S.P.R. 178, ¶¶ 7-8 (2007). Because the record reflects that the agency made an undue disruption determination and has provided the appellant with pay and benefits as of February 6, 2018, we find that the agency has complied with the interim relief order. Accordingly, we deny the appellant's motion to dismiss the agency's petition for review.

## The administrative judge properly found that the agency failed to prove specification 1 of its charge.

¶8        In its first specification in support of its unacceptable conduct charge, the agency alleged that the appellant failed to timely and properly place a subordinate and personal friend in an off-duty status pending an investigation into the subordinate's alleged misconduct. IAF, Tab 6 at 23. In particular, the agency alleged that, based on the appellant's representation that the subordinate employee did not work on the weekends, it agreed to date the off-duty letter for the following Monday. *Id.* Despite the appellant's representation, the subordinate reported to work the following Saturday and gave a stand-up talk to her employees denying her involvement in the agency's investigation related to overtime pay. *Id.* When the subordinate reported to work on Monday, she also spoke with her employees twice before being escorted off of the premises, once before the appellant presented her with the off-duty letter and once after. *Id.* According to the agency, the appellant violated procedures by failing to place the employee in an off-duty status on Saturday, permitting the subordinate to twice speak with her employees on Monday, and allowing her to enter the administrative offices on more than two occasions after she was placed in an off-duty status. IAF, Tab 78 at 11-13. The agency also maintained that the

appellant put her friendship with the subordinate ahead of her responsibilities as Postmaster. *Id*. at 12.

¶9 The administrative judge found that the agency failed to identify any specific policies, rules, or regulations that the appellant violated, including any written policy that set forth explicit instructions regarding the timing or procedures for placing an employee in an off-duty status. ID at 15-18. She further found that the agency did not present any evidence that the subordinate employee or the appellant were scheduled to work that Saturday or that the subordinate employee's off-duty letter prohibited her from speaking with employees before leaving the premises on Monday or from subsequently entering a Postal Service facility. ID at 15-16.

¶10 On review, the agency reiterates its view that the appellant's actions were generally improper because of her friendship with the subordinate and cites to various Employee and Labor Relations Manual (ELM) policies contained in the appellant's notice of proposed removal. PFR File, Tab 4 at 16-20. However, as the administrative judge properly found, such policies do not establish that the appellant's actions were improper. Rather they relate to addressing performance issues, reasons why an employee may be placed on off-duty status, off-duty behavior, and general requirements that Federal employees be loyal and maintain ethical conduct. *Id*. at 16-27.

The administrative judge erred in mitigating the penalty to a 90-day suspension instead of a demotion.

¶11 When the Board sustains all of the agency's charges, it may mitigate the agency's penalty to the maximum reasonable penalty if it finds the agency's original penalty to be too severe. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Parker v. U.S. Postal Service*,

111 M.S.P.R. 510, ¶ 8, *aff'd*, 355 F. App'x 410 (Fed. Cir. 2009). In applying this standard, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications, and such failure may require, or contribute to, a finding that the agency's penalty is not reasonable. *Id*. In such a case, the Board will look for evidence showing that the agency would have imposed the same penalty for the sustained specification. *Id*.

¶12    Nevertheless, the Board's function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management's judgment has been properly exercised and that the penalty selected does not exceed the maximum limits of reasonableness. *Id*., ¶ 9. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty imposed clearly exceeded the bounds of reasonableness. *Id*. If the agency's penalty is beyond the bounds of reasonableness, the Board will mitigate only as necessary to bring it within the parameters of reasonableness. *Id*.

¶13    Although the administrative judge sustained the agency's unacceptable conduct charge, she found that mitigation was warranted because the agency did not prove specification 1, the deciding official did not properly weigh the nature and seriousness of the appellant's misconduct, and the penalty of removal exceeded the tolerable limits of reasonableness. ID at 24-29. After determining that removal was unreasonable, the administrative judge considered whether a demotion was appropriate, but she found that the record did not reflect that there were any vacant positions to which the appellant could be demoted and she "lack[ed] confidence that counsel for either party could effectively and efficiently navigate (without significant additional cost and resources) such a transition." ID at 29. Thus, she mitigated the appellant's removal to a 90-day suspension. *Id*. On review, the agency argues that the administrative judge erred in mitigating the removal penalty to a 90-day suspension and, in doing so, she considered inappropriate factors. PFR File, Tab 4 at 24-27. We agree.

¶14      The administrative judge found that the agency did not properly weigh the nature and seriousness of the offense. Significantly, she cited testimony of the proposing and deciding officials that called into question whether they had sufficient knowledge to accurately assess the appellant's role regarding specification 3. ID at 28. In this specification, the agency charged the appellant with failing to follow up on automatically generated emails containing reports of no-fee money orders at the South Des Moines station. IAF Tab 6 at 24-25. An investigation by the agency's Office of the Inspector General (OIG) found that a Lead Clerk in the South Des Moines station had committed fraud by issuing no-fee money orders to pay her personal bills and later processing fraudulent refunds for the same amounts that she had paid. IAF, Tab 11 at 6-12. The Lead Clerk's fraudulent activity cost the agency approximately $160,000. IAF, Tab 6 at 24.

¶15      Regarding this specification, the administrative judge concluded that "both the proposing and deciding officials demonstrated minimal knowledge regarding the third specification and thus misjudged the significance of [the] [a]ppellant's role with respect to the loss of $160,000." ID at 28. She found that the appellant was three levels above the Lead Clerk who committed the fraud and that the South Des Moines station manager's failure to verify the no-fee money orders mitigated, in some respect, the appellant's culpability. *Id*. She also cited to evidence that suggested that Postal Service policy charged the station manager with verifying that no-fee money orders were legitimate and authorized and noted that the actual no-fee money orders were not attached to the emails received by the appellant. ID at 19.

¶16      We agree with the administrative judge's determination that the deciding official did not properly weigh the nature and seriousness of the offense. In her deposition, the deciding official testified that she did not have an understanding of how no-fee money orders are to be processed and issued at a station at the time that she made her decision to remove the appellant. IAF, Tab 64 at 44.

Similarly, the proposing official testified that she did not have an understanding of the proper procedures for the issuance of no-fee money orders and did not inquire as to such procedures in connection with deciding to propose the appellant's removal. *Id.* at 65, 73, 76. Having reviewed the record, we find that there are many unanswered questions concerning the appellant's role in failing to discover the fraudulent no-fee money orders. For example, the agency has not clearly explained how, or if, the automatically generated no-fee money order email reports raised concerns on their face and, if so, whether it was the frequency, amounts, or categories of the no-fee money orders that should have raised concerns. Additionally, the record reflects that these emails were sent to a group of managers, which included the South Des Moines station manager, the appellant, and four other individuals. IAF, Tab 6 at 36. However, the OIG report only focused on the station manager's role in failing to take action regarding these emails, without any reference to the appellant or any other individuals who also received the emails. IAF, Tab 11 at 6-12. The agency also did not present clear evidence concerning the procedures for verifying the accuracy or validity of no-fee money orders, including what role if any the appellant was to have in the process. Rather, the agency maintained that a detailed explanation of how money orders are supposed to be handled was "irrelevant to the charges filed against the appellant." IAF, Tab 79 at 7-8.

¶17 The Board has long held that the nature and seriousness of the offense is the most important factor in assessing whether an agency's selected penalty is reasonable. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 18 (2014). In light of the unanswered questions related to the appellant's conduct regarding specification 3, the agency's failure to prove specification 1, and the lack of any direct harm stemming from the appellant's misconduct in sharing her login credentials, we agree with the administrative judge that the penalty of removal exceeded the bounds of reasonableness. In so finding, we have also considered the appellant's lengthy 33 years of service to the agency as well as her

positive performance. ID at 2. Nonetheless, we acknowledge the appellant's recent letter of warning for unacceptable conduct. IAF, Tab 6 at 75-76. As a high-level Postmaster, the appellant is held to a higher standard of conduct. *Seas v. U.S. Postal Service*, 78 M.S.P.R. 569, 576 (1998). We also find the appellant's explanation regarding specification 3 that she delegated financial matters to her administrative assistant, ID at 8-9, to be troubling and to show a lack of judgment. The appellant's attempts to deflect blame onto employees under her supervision undermined the agency's trust in her to continue serving as a high-level Postmaster. IAF, Tab 78 at 51-54 (declaration of the proposing official), 61-62 (declaration of the deciding official). Even if the appellant appropriately assigned tasks regarding financial matters to her administrative assistant, those matters remained the appellant's responsibility.

¶18    The Board has held that demotion to a nonsupervisory position is an appropriate penalty for a supervisor who has engaged in relatively minor misconduct that nevertheless calls into question the employee's ability to act in a supervisory role. *Fischer v. Department of the Treasury*, 69 M.S.P.R. 614, 619 (1996). Having considered all of the relevant factors, we conclude that a demotion to the next highest nonsupervisory position is the maximum reasonable penalty under the particular circumstances of this case.

¶19    We find that the administrative judge's determination that a demotion was not feasible was improperly based on considerations more appropriately considered during a compliance proceeding. At this stage, the agency was not required to identify available positions to which the appellant could be demoted. Further, the Board has ordered demotions of managers generally to nonsupervisory positions, affording the agency discretion to select the appropriate position. *See, e.g.*, *Fischer v. Department of the Treasury*, 97 M.S.P.R. 546, ¶ 2 (2004). Finally, the administrative judge's speculation concerning the agency's ability to effect the demotion in an efficient and cost effective manner was improper.

**ORDER**

¶20      We ORDER the agency to cancel the appellant's removal and substitute in its place a demotion to the next highest level nonsupervisory position with the least reduction in grade and pay within the local commuting area for which the appellant is qualified, effective February 4, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶21      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶22      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶23      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶24      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and

Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.