# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWNEEN L. BETHA,

       Appellant,

       v.

UNITED STATES POSTAL SERVICE,

       Agency.

DOCKET NUMBER
CH-0752-19-0116-I-2

DATE: July 5, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hartley D. Alley</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Brian J. Odom</u>, Esquire, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which mitigated the appellant's removal to a demotion. Generally, we grant petitions such as these only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        During the relevant time period, the appellant was employed by the agency as the Hawkeye District Manager, a Postal Career Executive Service (PCES), Level II position, in Des Moines, Iowa. *Betha v. U.S. Postal Service*, MSPB Docket No. CH-0752-19-0116-I-1, Initial Appeal File (IAF), Tab 25 at 4; *Betha v. U.S. Postal Service*, MSPB Docket No. CH-0752-19-0116-I-2, Appeal File (I-2 AF), Tab 6 at 4. By letter dated June 29, 2018, the agency proposed the appellant's removal based on two charges of unacceptable conduct: (1) purchase, possession, and distribution of a marijuana product; and (2) unacceptable conduct. IAF, Tab 1 at 8-13. In charge one, the agency asserted that on September 12, 2017, while attending a Western Area Senior Leadership Meeting in Denver, Colorado, the appellant and her subordinate employees entered a cannabis store where the appellant purchased a package of chewable gummies containing marijuana. *Id.* at 8-9. The agency further asserted that, after

purchasing the gummies, the appellant shared some of the gummies with other employees in the parking area and transported the remaining gummies in a Government-owned vehicle (GOV) from the restaurant to her hotel. *Id.* at 9. In the second charge, the agency maintained that, beginning in or around February 2017, the appellant brought her dog to work without ensuring appropriate approval and on numerous occasions asked or allowed subordinate employees to care for the dog while on duty, including walking the dog and watching the dog while the appellant was in meetings. *Id.* at 9-10. After affording the appellant an opportunity to respond, the agency issued a decision sustaining both charges and removing the appellant, effective November 30, 2018. *Id.* at 14-17.

¶3        The appellant filed a Board appeal, disputing the charges and raising affirmative defenses of harmful procedural error and discrimination based on her disability, race, and gender. IAF, Tab 1 at 6; I-2 AF, Tabs 7, 35. After the appellant withdrew her request for a hearing, I-2 AF, Tab 3, the administrative judge issued an initial decision based on the written record, I-2 AF, Tab 50, Initial Decision (ID). The administrative judge found that the agency proved its charges, the appellant failed to prove any of her affirmative defenses,[2] mitigated the penalty to "a demotion to the level [she] held prior to her District Manager position," and ordered interim relief. ID at 5-28. Regarding charge one, the administrative judge found that the agency proved that the appellant purchased

---

[2] In particular, the administrative judge found that the appellant failed to prove her claim of harmful error based on the agency's failure to warn employees that private purchase and possession of marijuana in a legal state was prohibited by Federal law and could lead to discipline. ID at 17-18. The administrative judge further found that the appellant failed to prove that her disability, race, or sex was a motivating factor in the agency's decision to remove her. ID at 18-23. The appellant does not dispute these findings on cross petition for review. Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination claims, we do not reach the question of whether discrimination was a "but-for" cause of the removal action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

the marijuana gummies, gave a gummy to at least one subordinate employee, and rode back to the hotel in the GOV after visiting the cannabis store. ID at 5-10. Regarding charge two, the administrative judge found that the agency failed to prove that the appellant lacked proper approval to bring her diabetic alert dog to work because the appellant had inquired about what was needed to bring her dog to work, had sent a certification for the dog to Labor Relations, and her request was subsequently approved by the agency's District Reasonable Accommodation Committee prior to the issuance of the agency's notice of proposed removal. ID at 11-15. However, the administrative judge found that the agency proved that the appellant misused her position and postal resources by having subordinate employees watch her dog for her during work hours. ID at 15.

¶4    The agency has filed a petition for review, the appellant has filed a cross petition for review, and the parties have filed responses. Petition for Review (PFR) File, Tabs 1, 8-9, 11.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We deny the appellant's motion to dismiss the agency's petition for review for failure to comply with the administrative judge's interim relief order.[4]</u>

¶5    When, as here, the appellant was the prevailing party in the initial decision and interim relief was ordered, a petition for review filed by the agency must be

---

[3] The agency has moved to dismiss the appellant's cross petition for review as untimely filed. PFR File, Tab 11 at 6. We deny the agency's motion because the record reflects that the appellant timely filed her response to the agency's petition for review and her cross petition for review on March 5, 2020, PFR File, Tabs 8-9, after requesting and receiving an extension of the filing deadline until March 9, 2020, PFR File, Tabs 3-4.

[4] The appellant has moved to strike a portion of the agency's response to her challenge regarding the agency's interim relief certification as an untimely supplement to the agency's petition for review. PFR File, Tab 7 at 3. We deny the appellant's motion because the contested portion of the agency's pleading amounts to background facts that were also contained, almost verbatim, in the agency's petition for review and the agency's response does not present any new arguments, beyond the interim relief issue, not contained in the agency's petition for review. PFR File, Tab 6 at 4-7.

accompanied by a certification that the agency has complied with the interim relief order, either by providing the interim relief ordered, or by making a determination that returning the appellant to the place of employment would cause undue disruption to the work environment. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 6 (2015); 5 C.F.R. § 1201.116(a); *see* 5 U.S.C. § 7701(b)(2)(A)(ii).

¶6      With its petition for review, the agency submitted evidence that it had assigned the appellant to a position as Postmaster in Saint Paul, Minnesota. PFR File, Tab 1 at 31. The appellant has filed a pleading in which she asserts that the agency has not complied with the interim relief order because the assignment is not within the local commuting area of Des Moines, Iowa, where she resides and where her prior duty station was located. PFR File, Tab 5 at 4-5. She further asserts that she was not timely notified of the assignment, she was directed to report to work in Saint Paul on short notice, and she was not informed concerning relocation costs or how her salary level was determined. *Id.* at 5-6. In reply, the agency asserts that the appellant's assignment to the position of Postmaster of the Saint Paul, Minnesota Post Office complied with the interim relief order, which required the agency to assign the appellant to a position at the level the appellant held immediately prior to her District Manager position. PFR File, Tab 6 at 8-9; ID at 28-30.

¶7      To the extent the appellant's pleading seeks to enforce the interim relief order, the Board's regulations do not provide for petitions for enforcement of interim relief orders; such petitions apply only to final Board decisions. *See Ayers*, 123 M.S.P.R. 11, ¶ 7; 5 C.F.R. § 1201.182(a). The Board's regulations, however, do allow an appellant to challenge an agency's certification that it has provided interim relief, and the Board may dismiss a petition for review if it finds the agency to be in noncompliance with its interim relief obligations. 5 C.F.R. § 1201.116(b), (e). Here, however, we find that the agency's petition does not meet the criteria for review in any event, and the issuance of our final decision

renders moot any dispute concerning the agency's compliance with the interim relief order. *See Ayers*, 123 M.S.P.R. 11, ¶ 8 (reaching the same conclusion when the Board affirmed the administrative judge's reversal of the appellant's removal based on whistleblower reprisal). If the appellant believes that the agency is in noncompliance with the Board's final order, she may file a petition for enforcement in accordance with the instructions provided below.

The appellant's cross petition for review fails to provide a basis to disturb the initial decision.

¶8        In her cross petition for review, the appellant asserts that she is not challenging the initial decision on the merits. PFR File, Tab 9 at 4. Nonetheless, she identifies two alleged erroneous findings by the administrative judge, which she contends amount to due process violations, requiring reversal of the agency's removal action. *Id.* In particular, the appellant asserts that the administrative judge erred in ruling that charge one included the transportation of marijuana and that the agency proved that the appellant transported marijuana in a GOV. *Id.* We find such arguments unpersuasive. The appellant has not shown how the administrative judge's rulings amounted to a due process violation. *See, e.g.*, *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991) (holding that an appealable agency action taken without affording an appellant prior notice of the charges, an explanation of the agency's evidence, and an opportunity to respond, must be reversed because such action violates his constitutional right to minimum due process under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)).

¶9        Moreover, we discern no error in the administrative judge's determination that transportation of marijuana was part of the agency's charge and that the agency proved that the appellant transported marijuana in the GOV. ID at 9-10. The appellant's challenges to the administrative judge's characterization of the testimony of W.B., the driver of the GOV, on this issue are unpersuasive as the record reflects that W.B. did not clearly recall who rode in the GOV. PFR File,

Tab 9 at 7-12; I-2 AF, Tab 13 at 29-30. Further, the administrative judge credited the testimony of S.L. and A.G. that the appellant rode back from the cannabis store to the hotel in the GOV with them. ID at 10; I-2 AF, Tab 42 at 4-6, 13-14. Regardless, the administrative judge also found that, even if the appellant did not ride back to the hotel in the GOV, the agency proved the essence of its charge. ID at 10.

¶10 Finally, to the extent the appellant is raising a due process violation based on the deciding official's consideration of her transportation of marijuana, PFR File, Tab 9 at 5-7, we find that such an argument was not timely raised, *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it was based on new and material evidence not previously available despite the party's due diligence). In any event, even if it were timely raised, the notice of proposed removal clearly referenced transportation of marijuana and the appellant's written response addressed the issue. IAF, Tab 21 at 11, Tab 28 at 17. Thus, the deciding official did not consider any new and material information. *See, e.g.*, *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012) (explaining that only ex parte communications that introduce new and material information to the deciding official constitute due process violations).

The administrative judge properly found that demotion was the maximum reasonable penalty.

¶11 When the Board sustains all of the agency's charges, it may mitigate the agency's penalty to the maximum reasonable penalty if it finds the agency's original penalty to be too severe. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). Nevertheless, the Board's function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management's judgment has been properly exercised and that the penalty selected does not exceed the maximum limits of reasonableness. *Parker v. U.S. Postal*

*Service*, [111 M.S.P.R. 510](#), ¶ 9, *aff'd,* 355 F. App'x 410 (Fed. Cir. 2009). Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty imposed clearly exceeded the bounds of reasonableness. *Id.* If the agency's penalty is beyond the bounds of reasonableness, the Board will mitigate it only as necessary to bring it within the parameters of reasonableness. *Id.*

¶12         Here, although the administrative judge found that the agency proved the essence of its charges, she found that the penalty of removal exceeded the bounds of reasonableness and that demotion was the maximum reasonable penalty. ID at 23-28. Regarding the agency's charge of "unacceptable conduct: purchase, possession, and distribution of a marijuana product," the administrative judge found that the strong language of the charge overstated the magnitude of some of the appellant's misconduct. ID at 25. She further found that the facts established that the appellant, on one occasion, purchased a package of marijuana gummies in a legal state to treat her sciatic pain with no evidence that the appellant actually consumed them and she shared the gummies with employees off-duty. ID at 25-26. Regarding the agency's second unacceptable conduct charge, the administrative judge found that charge two was the minor charge and acknowledged that part of the charge was not sustained. ID at 25. She also noted that the appellant no longer needed the services of a diabetic alert dog. *Id.*

¶13         On review, the agency argues that the administrative judge erred in mitigating the removal penalty to a demotion and, in doing so, improperly relied on case law that was not factually similar to the instant appeal. PFR File, Tab 1 at 23-29. We find that the administrative judge appropriately considered relevant case law in conducting her penalty analysis and we agree with the administrative judge that demotion is the maximum reasonable penalty under the circumstances of this appeal.

¶14         Like the administrative judge, we acknowledge the seriousness of the appellant's misconduct under charge one. ID at 25. However, the appellant's

single lapse in judgment in purchasing the gummies, which although legal under Colorado state law remains illegal under Federal law, did not result in arrest or conviction of any crime. Further, this lapse in judgment was an isolated incident in the appellant's otherwise very successful 33-year career with no prior discipline. IAF, Tab 21 at 5. There is also no evidence that the appellant consumed the gummies or that she otherwise engaged in drug use that affected her ability to perform her job duties. We are also cognizant of the lack of clarity with which the appellant may have been on notice concerning the implications of purchasing marijuana in a state in which it is legal to do so. ID at 26; I-2 AF, Tab 28 at 13-16. Indeed, the record reflects that, during the same conference in Denver, Colorado, another EAS-22 Customer Service Manager also purchased and used an ointment containing cannabis oil (THC). IAF, Tab 21 at 8; I-2 AF, Tab 6 at 5, Tab 44 at 18-22. For her misconduct in purchasing and using an illegal substance, the agency issued her a letter of warning in lieu of 14-day suspension. I-2 AF, Tab 44 at 18-19.

¶15    Nonetheless, the appellant held a position of particular prominence as the Hawkeye District Manager, the highest-level position in the district, in which she was subject to a higher standard of conduct. *See Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (noting that agencies are entitled to hold supervisors to a higher standard of conduct than nonsupervisors because they occupy positions of trust and responsibility), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007). Thus, we agree with the administrative judge that, although the Board has mitigated removals to suspensions based on marijuana possession, use, and/or attempted sale, ID at 25, 28, demotion is the maximum reasonable penalty considering the appellant's possession and "distribution" to coworkers as well as her position and supervisory status, *see, e.g.*, *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 76-77 (1987) (mitigating the removal of a law enforcement officer, who was similarly subject to a higher standard of conduct, to a 60-day

suspension for off-duty marijuana possession, which directly related to the agency's mission).[5]

¶16    Finally, we reject the agency's argument that the Board's decision in *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1 (2016), compels a finding that removal was reasonable under the circumstances of this appeal. PFR File, Tab 1 at 27-28. As the administrative judge found, *Bruhn* involved a removal pursuant to a last chance agreement based on the appellant's second offense of growing medical marijuana on the appellant's personal property in California. ID at 27-28. The appellant served a 45-day suspension for his first offense of growing medical marijuana and was removed for violating the last chance agreement after local law enforcement discovered marijuana plants growing in the appellant's garage on a second occasion. *Id.*; *see Bruhn*, 124 M.S.P.R. 1, ¶¶ 2-4, 16. Thus, we find that the administrative judge appropriately considered but found *Bruhn* distinguishable.

¶17    Accordingly, we affirm the initial decision, mitigating the appellant's removal to a demotion.

**ORDER**

¶18    We ORDER the agency to cancel the appellant's removal and substitute in its place a demotion to the level the appellant held prior to her District Manager position, effective November 30, 2018. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

---

[5] We find unavailing the agency's argument that the cases cited by the administrative judge in which the Board mitigated removals to suspensions were not factually similar because none involved marijuana possession and distribution by an executive level employee to subordinate employees. PFR File, Tab 1 at 26-29. The administrative judge acknowledged, as does the Board, the different factual circumstances in determining that a demotion, not a suspension was the maximum reasonable penalty.

¶19　　　　We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20　　　　We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21　　　　No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22　　　　For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.